IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK BURRIS and )
MASIE BURRIS, )
 )
        Plaintiffs, )
 )
vs. ) Case No. 08-cv-0444-MJR-CJP
 )
CONAGRA FOODS, INC., )
doing business as )
Peter Pan Peanut Butter, )
 )
        Defendant. )

## ORDER REMANDING CASE

REAGAN, District Judge:

Removed from the Circuit Court of Madison County, Illinois, this products liability suit seeks damages for personal injuries sustained by Mark and Masie Burris' minor son, Blake, allegedly as a result of his ingestion of Peter Pan brand peanut butter. ConAgra invoked subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. Threshold review revealed complete diversity between the parties but left a question regarding the amount in controversy. For instance, the state court complaint and an affidavit filed with it in Madison County (*see* Doc. 2-2) attested that the damages sought by the Burrises ("Plaintiffs") were *less than $50,000*.

On June 25, 2008, Plaintiffs moved to remand the case, based on the fact that the amount in controversy did not exceed $75,000, exclusive of interest and costs. The remand motion and attached exhibits note that Blake's

medical expenses were under $7,000, that Plaintiffs previously gave their attorney authority to settle this case for $30,000, and that Plaintiffs "waive any right to an award of verdict equal to or more than $75,000" (Doc. 11).

The undersigned Judge entered a briefing schedule, ordering any opposition to remand to be filed by July 18, 2008. ConAgra timely responded, indicating that it has no objection to Plaintiffs' remand motion (Doc. 16). ConAgra also filed a stipulation signed by both Plaintiffs and their attorney, by which Plaintiffs "irrevocably agree" to "cap" the damages at $75,000 (Doc. 17). That stipulation is dated July 18, 2008.

In determining whether the amount in controversy suffices for diversity jurisdiction, a district court may examine only the evidence which was available when the case was removed. **See Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 429 (7th Cir. 1997)("the district court is not deprived of jurisdiction where ... plaintiff 'after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount.'"); In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992)("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant."). See also Gossmeyer v. McDonald, 128 F.3d 481, 488 (7th Cir. 1997).**

However, the undersigned Judge can properly consider any reliable evidence shedding light on the amount in controversy, *if* that evidence existed

2

at the moment of removal and simply was not yet part of the record on that date. ***Harmon v. OKI Systems*, 115 F.3d 477, 479 (7th Cir. 1997), *cert. denied*, 522 U.S. 966 (1997).**

Having carefully considered only the appropriate evidence, the Court concludes that, at the time of removal, the amount in controversy did <u>not</u> exceed $75,000. Plainly, the requirements of 28 U.S.C. § 1332 have not been satisfied. Because this Court lacks subject matter jurisdiction, the undersigned Judge **GRANTS** Plaintiffs' remand motion (Doc. 11) and **REMANDS** this case to the Circuit Court of Madison County, Illinois, with the parties to bear their own costs.

IT IS SO ORDERED.

DATED this 22nd day of July 2008.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge